IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT MEADES, | § | |
| | § | |
| Defendant Below, | § | No. 409, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1101020478 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: October 28, 2019
Decided: November 26, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, the appellant's motion for abeyance, the appellee's response, and the record on appeal, it appears to the Court that:

(1)    The appellant, Robert Meades, filed this appeal from the Superior Court's order, dated August 26, 2019, summarily dismissing his third motion for postconviction relief.[1]   After he filed his opening brief in this Court and the State of Delaware filed a motion to affirm the Superior's Court's judgment, Meades filed a

---

[1] *State v. Meades*, 2019 WL 4034352 (Del. Super. Ct. Aug. 26, 2019).

motion for abeyance. He sought a stay of these proceedings so that he could advance a claim relevant to this appeal in the Superior Court. The State opposes the motion.

(2) The motion for abeyance is denied. Meades does not identify the claim that he contends is relevant to this appeal and that he wishes to first pursue in the Superior Court. Meades has not established good cause for a stay of this appeal.

(3) We also conclude that the Superior Court order summarily dismissing Meades's third motion for postconviction relief should be affirmed. Meades was not convicted after trial and did not satisfy the requirements of Superior Court Criminal Rule 61(d)(2).[2] In addition, Meades was not entitled to a hearing under 11 *Del. C.* § 408 at the time of his guilty plea as he contends and the record reflects that he was competent to plead guilty.

NOW, THEREFORE, IT IS ORDERED that motion for abeyance is DENIED. The motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent Rule 61 motion "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity new evidence creating a strong inference that the movant was actually innocent or a new rule of constitutional law made retroactive to cases on collateral review).